Hector VILLANUEVA, Lan
Ngoc Tran, Petitioners,

v.

UNITED STATES of America,
Respondent.

Docket Nos. 00–3580(L), 01–3524(CON).

United States Court of Appeals,
Second Circuit.

Submitted: Sept. 20, 2000.

Final Briefs Submitted: April 25, 2002.

Decided: Sept. 15, 2003.

Robert E. Nicholson, Law Office of Robert E. Nicholson, Brooklyn, NY, for Petitioners.

James B. Comey, United States Attorney for the Southern District of New York, New York, NY, Alan M. Vinegrad, United States Attorney for the Eastern District of New York, Brooklyn, N.Y. (Marcus A. Asner, Meir Feder, Assistant United States Attorneys, on the brief), for Respondent.

Before: WALKER, Chief Judge,
MINER and POOLER, Circuit Judges.

JOHN M. WALKER, JR., Chief Judge.

Petitioners Hector Villanueva and Lan Ngoc Tran move this court pursuant to 28 U.S.C. § 2244(b)(3) for orders authorizing the United States District Courts for the Southern and Eastern Districts of New York, respectively, to consider petitions filed pursuant to 28 U.S.C. § 2255 (a "§ 2255 petition"). Each petitioner had previously filed a separate § 2255 petition that had been denied as time-barred under the one-year statute-of-limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, 1217 (codified at 28 U.S.C. § 2244). *See*

28 U.S.C. § 2244(d)(1). Petitioners argue that their current petitions are not subject to the gatekeeping provisions that AEDPA applies to second or successive § 2255 petitions because their first § 2255 petitions were not adjudicated on the merits. Thus, they assert, authorization from this court is not required prior to filing the proposed § 2255 petitions in district court. We reject this argument and hold that a first § 2255 petition that has properly been dismissed as time-barred under AEDPA has been adjudicated on the merits, such that authorization from this court is required before filing a second or successive § 2255 petition. We also reject petitioners' remaining arguments. Accordingly, we conclude that petitioners' proposed § 2255 petitions are second or successive, and we deny petitioners leave to file the petitions in district court because the petitions do not satisfy AEDPA's requirements for second or successive petitions.

## BACKGROUND

*Villanueva*

In 1992, Villanueva was convicted in the Southern District of New York of heroin distribution and conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(C), and 846.

Villanueva, whose imprisonment in state custody began in 1991, was transferred to federal custody for nineteen months until his federal sentencing on December 18, 1992. Villanueva was sentenced to 150 months' imprisonment to run concurrently with the remainder of his prior state sentence and he was transferred back to state custody to serve concurrent sentences. Upon completion of the state sentence in 1997, Villanueva was returned to federal custody to serve the balance of his federal sentence.

Villanueva's federal conviction was affirmed on direct appeal, *see United States v. Villanueva,* 14 F.3d 590 (2d Cir.1993) (unpublished table decision), and his petition for certiorari was denied on March 7, 1994, *see Villanueva v. United States,* 510 U.S. 1183, 114 S.Ct. 1233, 127 L.Ed.2d 577 (1994) (Mem.). Villanueva did not file his first § 2255 petition, however, until 1998. The district court denied the petition as time-barred under AEDPA, *see Villanueva v. United States,* No. 98 CIV 1883, 1999 WL 298629 (S.D.N.Y. May 12, 1999), and Villanueva did not seek a certificate of appealability ("COA") from this court. In his present § 2255 petition, Villanueva argues that the Bureau of Prisons ("BOP") has erroneously failed to credit his federal sentence for the nineteen months' imprisonment he served in federal custody prior to December 1992. His claim is based upon a BOP denial of his request for federal credit in 2000. He seeks an order that would (1) compel the BOP to recalculate his sentence, and (2) remand to the district court for resentencing, pursuant to U.S.S.G. §§ 5G1.3 and 5K2.0, in order to clarify that he is entitled to the federal credit. Villanueva also asserts that the district court erroneously denied his request for an evidentiary hearing at sentencing to determine the number of drug sales in which he engaged.

*Tran*

In 1992, Tran was convicted in the Eastern District of New York of racketeering, racketeering conspiracy, conspiracy to obstruct commerce, and conspiracy to murder, in violation of 18 U.S.C. §§ 1951, 1959(a)(5), and 1962(c) and (d). His conviction was affirmed on direct appeal, *see United States v. Thai,* 29 F.3d 785 (2d Cir.1994), and his petition for certiorari was denied on October 31, 1994, *see Tran v. United States,* 513 U.S. 977, 115 S.Ct. 456, 130 L.Ed.2d 364 (1994) (Mem.). In

1998, Tran filed a "motion to vacate judgment and sentence pursuant to writ of error coram nobis filed under 28 U.S.C. § 1651(a)." In the motion, Tran asserted that he was unable to file a timely § 2255 petition due to the delay of the University of Kansas Law School Defender Project in informing him that it would not represent him. Tran noted that if the district court concluded that *coram nobis* relief was unavailable, the district court should grant him equitable tolling and allow him to proceed under § 2255. The district court docketed the *coram nobis* motion as a § 2255 petition, found that equitable tolling was not warranted, and dismissed the petition as time-barred. A panel of this court denied Tran's motion for a COA, agreeing that his § 2255 petition was time-barred under AEDPA. *See* Order, *Tran v. United States,* No. 99–2346 (March 17, 2000).

In his present § 2255 petition, Tran seeks to vacate his conviction on the grounds that (1) his trial counsel was ineffective for failing to present 100 available alibi witnesses who would have established his innocence; (2) his trial and appellate counsel were ineffective for failing to challenge the sufficiency of the evidence; (3) certain evidence should have been excluded; and (4) the Government engaged in impermissible vouching and prevented alibi witnesses from testifying by threatening them with deportation. He relies on affidavits submitted by the alleged alibi witnesses and discrepancies in the trial record. Tran also challenges his indictment and sentence under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

## DISCUSSION

The dispositive issue to be decided in these consolidated appeals is whether a

first § 2255[1] petition that has properly been denied as time-barred has been adjudicated on the merits such that any subsequent § 2255 petition is subject to the more stringent requirements AEDPA applies to "second or successive" petitions. *See* 28 U.S.C. § 2255 ¶ 8; 28 U.S.C. § 2244(b)(3).

As an initial matter, we note that "AEDPA does not define what constitutes a 'second or successive' petition." *James v. Walsh*, 308 F.3d 162, 167 (2d Cir.2002). Our court has ruled that "to be considered 'successive,' a prisoner's second petition must, in a broad sense, represent a second attack by federal habeas petition on the same conviction." *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir.2003). Thus, the fact that there was a disposition of a prior petition is not *per se* sufficient to trigger AEDPA's gatekeeping provisions. *See James*, 308 F.3d at 167–68. Rather, a § 2255 petition will not be considered second or successive unless a prior § 2255 petition was adjudicated *on the merits*. *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir.1998); *see also Slack v. McDaniel*, 529 U.S. 473, 485–86, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (addressing issue in context of habeas petition). Because of the restrictions AEDPA imposes on successive petitions, moreover, a first habeas or § 2255 petition will not be considered an adjudication on the merits for successive purposes if the petition was: (1) labeled as a § 2255 petition, but seeking relief available only pursuant to 28 U.S.C. § 2241, *see Chambers v. United States*, 106 F.3d 472, 474 (2d Cir.1997); (2) dismissed as premature, *see Stewart v. Martinez–Villareal*, 523 U.S. 637, 643–44, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998); (3) erroneously dismissed as untimely, *see Muniz v. United States*, 236 F.3d 122, 129 (2d Cir. 2001) (per curiam); (4) initially filed as something other than a § 2255 petition and recharacterized by the district court without obtaining the petitioner's consent after providing the petitioner with notice of the recharacterization and an opportunity to withdraw the petition, *see Adams v. United States*, 155 F.3d 582, 583–84 (2d Cir.1998) (per curiam); (5) dismissed without prejudice for failure to exhaust state remedies, *see Slack*, 529 U.S. at 485–86, 120 S.Ct. 1595; or (6) filed during the pendency of a direct appeal in state court to seek release on ground of unreasonable delay in the state appellate process, *see Vasquez*, 318 F.3d at 390–91.

On the other hand, we have held that a determination in a first § 2255 petition that the claims raised were unexhausted *and* procedurally defaulted "qualifies as an adjudication on the merits." *Turner v. Artuz*, 262 F.3d 118, 122–23 (2d Cir.) (per curiam), *cert. denied*, 534 U.S. 1031, 122 S.Ct. 569, 151 L.Ed.2d 442 (2001). In addition, we recently held that where a prior habeas petition was dismissed based on *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) (holding that Fourth Amendment claims are not subject to federal habeas review "where the State has provided an opportunity for

---

1. Although this opinion primarily discusses petitions filed by federal prisoners pursuant to 28 U.S.C. § 2255, our reasoning applies equally to petitions for writs of habeas corpus filed by state prisoners pursuant to 28 U.S.C. § 2254 (a "habeas petition"). *See Torres v. Senkowski*, 316 F.3d 147, 151 & n. 1 (2d Cir.2003) (noting that "there is no material difference between § 2254 and § 2255" with respect to the gatekeeping requirements ap-

plicable to "second or successive" petitions under AEDPA); *Littlejohn v. Artuz*, 271 F.3d 360, 363 n. 1 (2d Cir.2001) (per curiam) (noting that " '[s]ections 2254 and 2255 are generally seen as *in pari materia*' and therefore 'the reasoning of [cases] in the context of § 2255 petitions applies equally to § 2254 petitions' ") (quoting *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 815–16 (2d Cir.2000) (alterations in original)).

full and fair litigation of [the] claim"), any subsequent habeas petition is subject to AEDPA's gatekeeping provisions. *See Graham v. Costello*, 299 F.3d 129, 134 (2d Cir.2002). We reasoned that because a finding that a claim was precluded from federal habeas review under *Stone* is a "permanent and incurable" bar, it represented a final federal "adjudication" of the merits of the claim. *Id.*

As with habeas petitions that are denied as procedurally barred or pursuant to *Stone*, the dismissal of a § 2255 petition as untimely under AEDPA presents a "permanent and incurable" bar to federal review of the merits of the claim. The bar is permanent because, unlike cases where a habeas or § 2255 petition is dismissed without prejudice for failure to exhaust or as premature, a time-bar cannot be corrected. Accordingly, we hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.

### I. *Villanueva v. United States*

Villanueva argues that subjecting his present § 2255 petition to the restrictions AEDPA imposes on second and successive petitions would violate the Suspension Clause of the United States Constitution.[2] We disagree. We have held that AEDPA's statute of limitations is not a *per se* violation of the Suspension Clause. *See Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 113 (2d Cir.2000). Thus, the Suspension Clause is not automatically implicated every time a petitioner's first § 2255 petition is denied as time-barred and a second or successive petition does not meet AEDPA's successive requirements, there-

by precluding any review of the merits of the petitioner's claims.

Nevertheless, the Supreme Court has rejected a rigid construction of AEDPA under which a habeas petitioner would be entitled to only one decision on the merits, and thereafter would be subject to AEDPA's gatekeeping provisions in all cases regardless of whether the petitioner could have raised his current claims in the first petition. *See Martinez–Villareal*, 523 U.S. at 643–44, 118 S.Ct. 1618. Such an interpretation of "second or successive," the Court has held, would have "far reaching and seemingly perverse" implications. *Id.* at 644, 118 S.Ct. 1618. Rather, a determination of whether a petition is "second or successive," even in a case in which a prior § 2255 petition was indisputably decided on the merits, is subject to the equitable principles underlying the pre-AEDPA "abuse of the writ" doctrine. *See James*, 308 F.3d at 167. Under this doctrine, "a subsequent petition is 'second or successive' when it raises a claim that was, or could have been, raised in an earlier petition." *Id.* For example, in *Martinez–Villareal*, 523 U.S. at 643, 118 S.Ct. 1618, the district court ruled on the merits of most of the claims presented in Martinez–Villareal's habeas petition filed in 1994, but found that one claim was premature. Thereafter, the claim became ripe and Martinez–Villareal moved in the district court to reopen the claim. *Id.* The Supreme Court stated, "This may have been the second time that [Martinez–Villareal] had asked the federal courts to provide relief on [the claim that had previously been dismissed as premature], but this does not mean that there were two separate applications, the second of which was

---

2. The Suspension Clause provides: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebel-

lion or Invasion the public Safety may require it." U.S. Const., art. I, § 9, cl. 2.

necessarily subject to [AEDPA's successive requirements]." *Id.*

Villanueva's claim in his present § 2255 petition seeking resentencing relates to the district court's alleged misapplication of the United States Sentencing Guidelines at the time of sentencing. This claim was available when Villanueva filed his first § 2255 petition in 1998. In fact, Villanueva asserted in his first § 2255 petition that counsel was ineffective because, *inter alia*, he did not object to the district court's failure to give him federal credit for the nineteen months' imprisonment he had served prior to December 1992. Accordingly, the present petition meets the criteria of a "second or successive" petition and is subject to the AEDPA gatekeeping provision of 28 U.S.C. § 2244. *See James*, 308 F.3d at 167. And contrary to Villanueva's arguments, the application of AEDPA's "second or successive" requirements to his petition does not violate the Suspension Clause because he had "some reasonable opportunity to have [his] claims heard on the merits." *Lucidore*, 209 F.3d at 113.

We also reject Villanueva's remaining arguments against a finding that the present § 2255 petition qualifies as a "second or successive" one as meritless. In particular, we reject Villanueva's assertion that the district court's dismissal of his first § 2255 petition as time-barred was improper. The petition was not filed until February 26, 1998, approximately ten months after the statute of limitations expired, *see Mickens v. United States*, 148 F.3d 145, 147–48 (2d Cir.1998) (holding that grace period applicable to petitioners whose convictions became final prior to AEDPA's enactment extended deadline for filing a first § 2255 petition to April 24, 1997), and Villanueva does not present any circumstances so rare and exceptional as to warrant equitable tolling, nor has he

shown that he acted with reasonable diligence. *See Smith v. McGinnis*, 208 F.3d 13, 17–18 (2d Cir.2000) (per curiam) (holding that AEDPA's statute of limitations may be equitably tolled only in "rare and exceptional circumstance[s]" and only if "the party seeking equitable tolling [has] acted with reasonable diligence throughout the period he seeks to toll" (internal quotation marks omitted)).

Having concluded that Villanueva's present § 2255 petition is "second or successive," we find that it fails to meet AEDPA's gatekeeping requirements and, therefore, deny him leave to file his successive § 2255 petition in district court. Under AEDPA, this court may certify a successive § 2255 petition only if it is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255, ¶ 8.

Villanueva claims two justifications for filing a second petition. First, he claims that BOP only notified him in July 2000 that it would not give him credit for the time he spent in federal custody prior to sentencing. Second, he contends that the district court should have conducted an evidentiary hearing before determining drug quantity. We conclude that the BOP's 2000 response only confirmed what Villanueva already knew at sentencing and, therefore, that it is not "newly discovered evidence." *Id.* Similarly, Villanueva's

request for an evidentiary hearing is not based on a new rule of constitutional law.

 Finally, to the extent Villanueva's § 2255 petition seeks an order directing the BOP to recalculate his sentence, his motion for leave to file a successive § 2255 petition is denied as unnecessary. Such relief, if available at all, may be obtained only through a petition filed pursuant to 28 U.S.C. § 2241. *See Chambers,* 106 F.3d at 474–75 (observing that § 2241 is the appropriate vehicle for federal prisoners seeking to challenge the execution, rather than the legality, of their sentences).[3]

## II. *Tran v. United States*

 As an initial matter, we reject Tran's argument that the district court's dismissal of his first § 2255 petition as time-barred was erroneous. Tran's first § 2255 petition was filed on October 16, 1998, almost a year and a half after the AEDPA deadline applicable to petitioners whose convictions became final before AEDPA's effective date. *See Mickens,* 148 F.3d at 147–48. We find no basis for crediting Tran's claim of detrimental reliance resulting from the alleged delay by the University of Kansas Law School Defender Project in informing him that it would not represent him. As Tran concedes, he was aware of the April 27, 1997 deadline prior to the expiration of the grace period. *See Smith,* 208 F.3d at 17–18. In addition, we decline to consider in the first instance Tran's argument that AEDPA's limitations period should have been equitably tolled based on his claim of actual innocence, as Tran did not raise this argument before the district court and he

has not alleged any other circumstances that might warrant equitable tolling.

 For the reasons discussed above, the district court's finding that Tran's first § 2255 petition was time-barred is an adjudication on the merits such that Tran is now subject to AEDPA's second or successive requirements. We find that Tran's proposed § 2255 petition qualifies as a "second or successive" petition because all of the claims raised in the new petition were available to Tran when he filed his first petition. *See James,* 308 F.3d at 167. In particular, Tran presumably knew at his trial that he had numerous alibi witnesses; he has given us no reason to believe otherwise. Moreover, Tran could have learned of the government's alleged threats of deportation if he had inquired into why his alibi witnesses did not wish to testify at trial.

 Tran asserts that his present § 2255 petition is not successive, as the district court erroneously recharacterized his *coram nobis* petition as a first § 2255 petition without providing the proper notice required by *Adams,* 155 F.3d at 583–84. Unlike Adams, however, Tran specifically requested in his *coram nobis* petition that he be allowed to proceed under § 2255 if the district court concluded that *coram nobis* relief was unavailable:

> Thus if this Court rejects Movant's argument raised in conjunction to whether relief can be afforded him under 28 U.S.C. § 1651(a), Movant urges this Court to allow him the chance to litigate his issues pursuant to 28 U.S.C. § 2255,

---

**3.** We note that by statute the BOP may credit Villanueva's federal sentence for the nineteen months served prior to December 1992 *only* if that time was not "credited against another sentence." 18 U.S.C. § 3585(b); *see United States v. Labeille–Soto,* 163 F.3d 93, 99 (2d Cir.1998) (construing § 3585(b) as precluding the BOP from granting credit against a federal sentence for time that has been credited against a prior state sentence). Villanueva, who asks that he be given *concurrent* credit for the nineteen months at issue, appears to concede that the time was already credited to his state sentence.

64

following the analogy under, *Miller,* supra.

 Finally, we deny Tran leave to file the proposed successive § 2255 petition because it fails to meet AEDPA's requirements for second and successive petitions. Tran's reliance on *Apprendi,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, is misplaced because its holding has not been made retroactive by the Supreme Court in the context of second or successive § 2255 petitions. *See Forbes v. United States,* 262 F.3d 143, 145–46 (2d Cir. 2001) (per curiam). In addition, the alibi affidavits offered by Tran do not constitute newly discovered evidence because they could have been obtained by Tran prior to his first § 2255 petition. Similarly, Tran's claims based on alleged discrepancies in the trial record could have been discovered and asserted prior to his first § 2255 petition. None of Tran's remaining claims relies on a new rule of constitutional law or newly discovered evidence.

## CONCLUSION

The motions for leave to file successive § 2255 petitions in the district courts are denied.