Kevin MURRAY, Petitioner,

v.

Charles GREINER, Superintendent, Respondent.

Julio Cesar Arce, Petitioner,

v.

Brian Fischer, Superintendent, Respondent.

No. 01–3833, 02–3574.

United States Court of Appeals, Second Circuit.

Submitted: Nov. 12, 2003.

Decided: Jan. 5, 2005.

Kevin Murray, Green Haven Correctional Facility, Stormville, NY, Pro Se.

Julio Cesar Arce, Upstate Correctional Facility, Malone, NY, Pro Se.

Amy Appelbaum, Assistant District Attorney, District Attorney of Kings County, Brooklyn, NY, for Respondent Charles Greiner.

Morrie I. Kleinbart, Assistant District Attorney, District Attorney of New York County, New York, NY, for Respondent Brian Fischer.

Before: LEVAL and CABRANES, Circuit Judges, and GARAUFIS, District Judge.*

LEVAL, Circuit Judge.

Petitioners Julio Arce and Kevin Murray, both prisoners in the New York State correctional system by reason of felony convictions, sought leave to file petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging their state court convictions. Both petitioners previously filed petitions under § 2254 seeking to overturn the same convictions. The previous petitions were dismissed as untimely under the one-year statute of limitations imposed by § 2244(d)(1). Following the reasoning of our opinion in *Villanueva v. United States*, 346 F.3d 55 (2d Cir.2003), we hold that dismissal of a § 2254 petition for tardiness under § 2244(d)(1) renders future challenges to the same conviction under § 2254 "second or successive" and subject to the requirements of § 2244(b)(1) through (4).

## BACKGROUND

Petitioner Arce was convicted in the New York State courts in 1994 of murder in the second degree and was sentenced to a term of imprisonment of twenty-five years to life. In September of 2001, nearly four years after the New York Court of Appeals denied him leave to appeal his conviction, he filed a petition in the United States District Court for the Southern District of New York, sitting by designation.

---

* The Honorable Nicholas G. Garaufis, of the United States District Court for the Eastern District of New York, sitting by designation.

trict of New York under § 2254 seeking to overturn the conviction. *See Arce v. Fischer,* No. 01–cv–8230 (S.D.N.Y.2002); *People v. Arce,* 242 A.D.2d 508, 662 N.Y.S.2d 495 (1997), *leave to appeal denied,* 91 N.Y.2d 868, 668 N.Y.S.2d 566, 691 N.E.2d 638 (1997). The district court (Michael B. Mukasey, *C.J.*) dismissed the petition as untimely. The district court and this court then denied Arce's request for a certificate of appealability ("COA"). While this court was considering Arce's application for a COA, Arce filed in this court the present application for leave to file another petition, which sets forth the same claims as raised in Arce's earlier petition.

Petitioner Murray was convicted in the New York State courts in 1992 of second degree murder and sentenced to a term of imprisonment of twenty-five years to life. The New York Supreme Court, Appellate Division, affirmed his conviction, *see People v. Murray,* 208 A.D.2d 655, 618 N.Y.S.2d 230 (1994), and leave to appeal to the New York Court of Appeals was denied on December 9, 1994, *People v. Murray,* 84 N.Y.2d 1014, 622 N.Y.S.2d 925, 647 N.E.2d 131 (1994). Murray moved in the New York Supreme Court to vacate the judgment of conviction on December 17, 1995. The Supreme Court denied his motion on March 12, 1996. By papers dated January 6, 1998, Murray filed a petition for writ of habeas corpus under § 2254 in the United States District Court for the Eastern District of New York seeking to overturn the New York conviction. In December 1998, the district court (Frederic Block, *J.*) dismissed defendant's petition as untimely. *Murray v. Artuz,* No. 98–cv–820 (E.D.N.Y.1998). The district court, and subsequently this court, then denied Murray's applications for a COA. Murray then submitted to this court this application for leave to file another petition, which asserts the same claims as asserted in his previous petition.

## DISCUSSION

Under 28 U.S.C. § 2244(b)(3), a state prisoner seeking to file a "second or successive" petition under § 2254 must obtain leave to do so from the United States Court of Appeals. Section 2244(b)(2) requires that claims set forth in such second or successive petitions be dismissed unless the applicant shows that the claim relies on either a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or newly discovered facts that could not have been discovered though due diligence and the proof of which would establish that, but for constitutional error, no reasonable factfinder would have found the defendant guilty. 28 U.S.C. § 2244(b)(2). Section 2244(b)(1) requires that a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application ... be dismissed." 28 U.S.C. § 2244(b)(1). The statute does not define what constitutes a "second or successive" petition.

In *Villanueva* we held that a *federal* prisoner's challenge to his conviction under 28 U.S.C. § 2255 is deemed a second or successive petition (requiring similar authorization of the court of appeals) if a prior challenge to the same conviction under § 2255 was dismissed as untimely. 346 F.3d at 58. In reaching this conclusion, we noted that a prisoner's second collateral challenge to a conviction will not be considered a "successive" petition subject to the restrictions of § 2244(b)(3) unless the prisoner's prior petition has been "adjudicated on the merits." *Id.* at 60 (emphasis omitted). We surveyed a number of instances in which the dismissal of a prior petition by reason of a *correctable* error did not make a later petition "second or successive," including, *inter alia,* where

the prior petition had been dismissed as premature, *see Stewart v. Martinez–Villareal,* 523 U.S. 637, 643–44, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998), or dismissed without prejudice for failure to exhaust state remedies, *see Slack v. McDaniel,* 529 U.S. 473, 485–86, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). *Villanueva,* 346 F.3d at 60. By comparison, we observed that dismissal of a prior petition on grounds that presented a "permanent and incurable" bar to federal review of the claims was an "adjudication on the merits," which rendered subsequent petitions "second or successive" and subject to the provisions of § 2244(b). *Id.* at 60–61; *see also Graham v. Costello,* 299 F.3d 129, 134 (2d Cir.2002) (dismissal under the rule that Fourth Amendment claims are not subject to federal habeas review "where the State has provided an opportunity for full and fair litigation" of these claims, *Stone v. Powell,* 428 U.S. 465, 494, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), is "on the merits" and restricts petitioner's right to file future petitions); *Turner v. Artuz,* 262 F.3d 118, 122–23 (2d Cir.2001) (per curiam) (dismissal on grounds of procedural default qualifies as adjudication on the merits).

Because the dismissal of a prior § 2255 petition as tardy under the controlling statute of limitations presents a "permanent and incurable" bar to review of the claim, we concluded that such a dismissal constitutes an adjudication on the merits and subjects future challenges filed by the petitioner under § 2255 to the gatekeeping requirements of § 2244(b)(3). *Villanueva,* 346 F.3d at 61. The logic of that ruling applies with equal force to petitions for writ of habeas corpus under 28 U.S.C. § 2254. Indeed, in *Villanueva* we noted as much in *dictum. Id.* at 60 n. 1.

Each part of the analysis explained in *Villanueva* is equally applicable to challenges to state convictions under § 2254.

The federal habeas statute makes no material distinction between petitions under § 2254 and § 2255 in defining a "second or successive" petition. *See Torres v. Senkowski,* 316 F.3d 147, 151 & n. 1 (2d Cir.2003). Indeed, § 2255 incorporates the gatekeeping procedures for second or successive § 2254 petitions set forth in § 2244. 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 . . . ."). Moreover, almost all of the cases upon which we relied in *Villanueva* to characterize an "adjudication on the merits" for purposes of restricting future petitions involved challenges brought by state prisoners under § 2254. *See, e.g., Slack,* 529 U.S. at 478–79, 120 S.Ct. 1595; *Stewart,* 523 U.S. at 639–40, 118 S.Ct. 1618; *Graham,* 299 F.3d at 131; *Turner,* 262 F.3d at 120–21. A dismissal for untimeliness of a § 2254 petition, under the one-year statute of limitations set forth in § 2244(d)(1), is no less "permanent and incurable" than a dismissal of a § 2255 petition for failure to comply with its one-year statute of limitations.

■ As the relevant principles here are identical to those at issue in *Villanueva,* we reach the same conclusion. We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction "second or successive" petitions under § 2244(b).

■ Because petitioners previously filed challenges to their state court convictions under § 2254 which were dismissed for untimeliness, each must now demonstrate that his second or successive petition satisfies the criteria set forth in § 2244(b)(1) and (2). Each petitioner's application simply restates the claims submitted in his first federal habeas petition. Neither petition relies on a new rule of constitutional

law or a previously undiscoverable factual predicate. Accordingly, these applications for leave to file successive § 2254 petitions must be denied.

Motions denied.