**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-7400**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BARKLEY GARDNER, a/k/a Big Black,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Malcolm J. Howard, District Judge. (CR-95-41-8; CA-03-60-4-H)

---

Submitted: May 2, 2005                    Decided: May 26, 2005

---

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

Barkley Gardner, Appellant Pro Se. Rudolf A. Renfer, Jr., Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Barkley Gardner appeals the district court's orders dismissing his motion to vacate under 28 U.S.C. § 2255 (2000) and denying his motion to alter or amend his judgment pursuant to Fed. R. Civ. P. 59(e) and 60(b). We previously issued an order granting a certificate of appealability as to Gardner's claim that the district court erroneously dismissed his § 2255 motion, filed May 5, 2003 (entered May 6, 2003), as successive. After receiving additional briefing on this issue, we now vacate the district court's orders and remand for further proceedings.

In 1997, following a month-long jury trial, Barkley Gardner ("Gardner") and several codefendants were convicted in the Eastern District of North Carolina on racketeering, drug and violent crime charges. Gardner was sentenced to life in prison. Gardner's conviction and sentence were affirmed by this court, and the Supreme Court denied certiorari. United States v. Celestine, 2002 WL 1821971 (4th Cir. Aug. 9, 2002) (No. 97-4219(L)), cert. denied sub nom. Gardner v. United States, 537 U.S. 1095 (2002) (unpublished).

While Gardner's direct appeal was pending before this court, on December 24, 1997, he filed a motion under 28 U.S.C. § 2255 (2000), alleging claims of ineffective assistance of counsel during his trial. The district court dismissed the § 2255 motion because the direct appeal was still pending and had not been

- 2 -

decided. The dismissal order did not mention or address the merits of the § 2255 motion.

After his direct appeal became final, Gardner timely filed another § 2255 motion for relief from his conviction and sentence, which was dismissed by the district court as successive. Within ten days of this order, Gardner filed for relief from judgment, pursuant to Fed. R. Civ. P. 59(e) and 60(b), asking the district court to reconsider its ruling that the § 2255 motion was successive. The district court denied that motion.

We note that Gardner's first § 2255 motion was not decided on the substantive merits of the claims, nor was it dismissed as untimely filed under the AEDPA's statute of limitations. Rather, the order reflects that the motion was dismissed as premature, because Gardner's direct appeal in this court was still pending at that time. When a first § 2255 motion is disposed of without a decision on the merits, such as when it is dismissed as prematurely filed, the petitioner does not need authorization to file a second habeas action. See Slack v. McDaniel, 529 U.S. 473, 478 (2000) (holding that when initial habeas petition is dismissed for failure to exhaust state remedies, and not based on adjudication of the merits, subsequent habeas petition is not successive); Villanueva v. United States, 346 F.3d 55, 60 (2d Cir. 2003) (citing Stewart v. Martinez-Villareal, 523 U.S. 637, 643-44 (1998) (ruling that a § 2255 motion will not be

considered an adjudication on the merits for successiveness purposes if, among other circumstances, the motion was dismissed as premature).

Accordingly, we vacate the district court's orders and remand for further proceedings consistent with this opinion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>