BLD-099                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2416
_____

In re:  JOHN D. SUTTON,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 1:14-cv-00082)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 23, 2020

Before: AMBRO, GREENAWAY, JR. and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed  January 28, 2020)
_____

OPINION[*]
_____

PER CURIAM

John D. Sutton is a Pennsylvania inmate serving 18 to 40 years of imprisonment

after a jury in 2003 convicted him of third-degree murder.  Sutton's efforts in state court

to invalidate his conviction have all failed. <u>See, e.g.</u>, <u>Commonwealth v. Sutton</u>, No. 818

WDA 2013, 2013 WL 11255664 (Pa. Super. Ct. 2013).  His efforts in the District Court

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

have fared no better; his first habeas petition was dismissed as untimely, and his second such petition was dismissed for lack of jurisdiction because it was impermissibly second or successive. See Sutton v. Commonwealth, DC Civ. No. 17-cv-00109, 2018 WL 4599825 (W.D. Pa. Sept. 25, 2018).

Sutton has now filed a mandamus petition in this Court. Complaining that he "has repeatedly been denied the opportunity to present his Appeals, Petitions and Motions in the lower courts due to time constraints and procedural obstacles," Pet. at 1, Sutton requests an order authorizing the filing of a new habeas petition to challenge his conviction. But that is not a permissible use of mandamus; Sutton must instead comply with the procedures for filing second or successive habeas petitions, set forth in 28 U.S.C. § 2244. See Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1285 (11th Cir. 2014); see also Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005); cf. In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (explaining that inmate may not use habeas petition under § 2241 simply because he cannot meet AEDPA's gatekeeping requirements for second or successive habeas petitions).[1] Accordingly, Sutton's mandamus petition is denied.[2]

---

[1] Sutton does not appear to have ever appealed to this Court any of the adverse decisions of the District Court. "It is, of course, well settled, that the writ [of mandamus] is not to be used as a substitute for appeal[.]" Schlagenhauf v. Holder, 379 U.S. 104, 110 (1964).

[2] Insofar as Sutton might be requesting an order authorizing a post-conviction filing in state court, the mandamus petition would still be denied. Sutton presents no reason to

3