# United States Court of Appeals for the Fifth Circuit

_____

No. 23-60352

_____

United States Court of Appeals
Fifth Circuit

**FILED**

January 2, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Rasheed Ali Muhammad,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:23-CV-95

_____

Before Dennis, Haynes, and Ramirez, *Circuit Judges*.

Haynes, *Circuit Judge*:

This case involves an issue of first impression: If a prisoner's 28 U.S.C. § 2255 habeas petition is initially dismissed as too late, but, after that, we recall the mandate in the preceding direct appeal and affirm the conviction, and then the prisoner files another § 2255 habeas corpus petition, is that later habeas petition a "second or successive" habeas which requires an order granting it from the appellate court?  28 U.S.C. § 2255(h). The answer is no.  If (1) no court has adjudicated a previous § 2255 habeas petition on the merits and (2) we recall the mandate in the direct appeal, we conclude that it resets the count of the prisoner's habeas petitions to zero.

No. 23-60352

Accordingly, we REVERSE the April 24, 2023, order of the district court and REMAND for further proceedings.

This case involves a unique procedural history. After Muhammad's conviction, he appealed. The appeal was dismissed for want of prosecution. Muhammad later filed a § 2255 habeas petition, which the district court denied because Muhammad filed it too late.

Thereafter, we granted Muhammad's motion to recall the mandate in his direct appeal, allowing us to reassert jurisdiction and reconsider judgment on the merits of the direct appeal. We appointed an attorney, received full briefing and held an oral argument on the case. We then affirmed the judgment in September of 2021. *United States v. Muhammad*, 14 F.4th 352, 355 (5th Cir. 2021). The Supreme Court denied certiorari and denied a rehearing of the certiorari denial, completing its work in August of 2022. *See Muhammad v. United States*, 142 S. Ct. 1458 (2022) (denial of certiorari); *Muhammad v. United States*, 143 S. Ct. 55 (2022) (denial of rehearing).

Thereafter, Muhammad filed another § 2255 habeas corpus petition in the district court. On April 24, 2023, the district court, without the benefit of this opinion, concluded that the habeas corpus petition was a "second or successive" habeas corpus petition under AEDPA and ordered it transferred to this court. *See* 28 U.S.C. § 2255(h). The Fifth Circuit clerk denied authorization to file what was then considered a "successive" § 2255 habeas corpus petition because Muhammad did not comply with certain appellate procedural requirements. Muhammad now appeals the district court's order construing his habeas corpus petition as second or successive.

We review de novo whether the habeas corpus petition is "second or successive" under AEDPA. *United States v. Orozco-Ramirez*, 211 F.3d 862, 865 (5th Cir. 2000). Under AEDPA, prisoners must obtain permission from the court of appeals before filing a "second or successive" § 2255 habeas

corpus petition in district court. 28 U.S.C. § 2255(h); *see id.* § 2244(b)(3)(A). The phrase "second or successive" is a term of art—later-in-time petitions are not always "second or successive." *Magwood v. Patterson*, 561 U.S. 320, 331–32 (2010).

Characterizing habeas corpus petitions as "second or successive" sounds and often is easy when things have proceeded straightforward: where a defendant is convicted, the conviction is affirmed on direct appeal, then the defendant brings a § 2255 habeas corpus petition that is adjudged on the merits, and then files a second habeas corpus petition. *See Johnson v. United States*, 196 F.3d 802, 804–05 (7th Cir. 1999). The present case is not paradigmatic for two reasons: the initial § 2255 habeas corpus petition was not adjudicated on the merits, and we granted Muhammad's motion to recall the mandate in his direct appeal after the denial time-barred habeas corpus petition.

While there are many habeas cases, there is no case on point for the unusual situation here. We conclude that, in light of the unique procedural history, the present habeas corpus petition is not "second or successive." Courts generally treat subsequent § 2255 habeas corpus petitions differently based on whether the initial habeas corpus petition was adjudicated on the merits or denied for "technical procedural reasons." *Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998); *see Graham v. Johnson*, 168 F.3d 762, 773 n.7 (5th Cir. 1999). Such procedural denials typically involve habeas corpus petitions dismissed as premature or for failure to exhaust state remedies. *Stewart*, 523 U.S. at 643–45; *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000). This approach ensures that a prisoner is allowed one true collateral attack on their conviction. *See O'Connor v. United States*, 133 F.3d 548, 550 (7th Cir. 1998) ("The idea behind [the successive motion provision] is that a prisoner is entitled to one, but only one, full and fair opportunity to wage a collateral attack."). Panels of our court have considered a prior habeas corpus petition

that was denied as time-barred as an initial petition in determining whether a later habeas corpus petition is "second or successive." *See, e.g.*, *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (per curiam). But those decisions involved the scenario that a habeas corpus petition could never be timely and nothing came in between. *See Villanueva v. United States*, 346 F.3d 55, 60 (2d Cir. 2003) ("[T]he dismissal of a § 2255 petition as untimely under AEDPA presents a 'permanent and incurable' bar to federal review of the merits of the claim. The bar is permanent because, unlike cases where a habeas or § 2255 petition is dismissed without prejudice for failure to exhaust or as premature, a time-bar cannot be corrected."). That ruling was correct in that case and almost all cases, but it did not consider the situation here. Unlike those cases, here the clock reset after the denial of the untimely habeas corpus petition when we reinstated the direct appeal and addressed it on the merits in full, ultimately affirming the conviction. *Cf. Clay v. United States*, 537 U.S. 522, 527 (2003) (explaining that the triggering date for the statute of limitations is "when the time expires for filing a petition for certiorari contesting the appellate court's affirmance of the conviction"). Because that ruling reset the clock, the untimely petition can be corrected. Accordingly, those cases do not require affirmance here.

In sum, when a prisoner's § 2255 habeas corpus petition is not adjudicated on the merits, then we recall the mandate in the direct appeal and affirm the conviction, a later § 2255 habeas corpus petition is not "second or successive." Thus, we conclude that the district court erred in determining that the § 2255 habeas corpus petition in question was "second or

No. 23-60352

successive."[1] We REVERSE the April 24, 2023, order of the district court and REMAND for further proceedings.

_____

[1] Neither party briefs this issue, but we note that we have occasionally treated motions to recall the mandate as "second or successive" § 2255 motions. *See, e.g.*, *Goodwin v. Johnson*, 224 F.3d 450, 459 (5th Cir. 2000); *see also Calderon v. Thompson*, 523 U.S. 538, 553 (1998). However, those cases are distinguishable because (1) the motion to recall the mandate did not challenge the merits of our decision in the direct appeal, and (2) the motion here was filed in the direct appeal rather than in the appeal denying habeas relief. *See Conley v. United States*, 323 F.3d 7, 14 (1st Cir. 2003) (en banc) ("The considerations are somewhat different [than those in *Calderon*] where, as here, . . . the . . . mandate was not issued in a habeas proceeding at all but on direct review of the denial of a new trial motion."); *Goodwin*, 224 F.3d at 457 (considering request to revisit issue decided in previous habeas appeal).