claims to the state courts before the time for him to do so has expired, he procedurally defaults and is foreclosed from federal habeas corpus review of those claims, absent a showing of cause and prejudice or a fundamental miscarriage of justice. *See O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1734 (1999); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 90-91 (1977). In his first application, Cook did not show cause and prejudice for his procedural default or a fundamental miscarriage of justice, so he has forfeited federal habeas review of those claims. Thus, Cook is not making one challenge with multiple stages but has made a second challenge to his state conviction.

Based on the foregoing, we hold that because his initial § 2254 application was dismissed for unexcused procedural default and was therefore "on the merits," Cook's current application is a "second or successive habeas corpus application" under § 2254(b). Further, because his second application does not meet the requirements of § 2244(b)(2), he has not made a prima facie showing that he is entitled to habeas relief. Therefore, Cook's motion seeking permission to file a second or successive habeas corpus application under § 2254 is DENIED.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

—————————————————————————

Clerk

---

*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0190P (6th Cir.)
File Name: 00a0190p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

—————————————————————————

In re: BENEDICT JOSEPH COOK, III,

         *Movant.*

No. 99-6526

Filed: June 6, 2000

Before: MERRITT, CLAY, and CUDAHY,[*] Circuit Judges.

—————————————————————————

## ORDER

—————————————————————————

In 1988, a Tennessee jury convicted Benedict Joseph Cook, III, of three counts of aggravated rape and two counts of aggravated sexual battery. He was sentenced to 25 years of imprisonment. In December of 1996, Cook filed an application for a writ of habeas corpus under 28 U.S.C. § 2254, but the district court denied the application. Then, in 1999, Cook filed another § 2254 application in the district court. The district court forwarded the application to this court to treat as a motion seeking authorization to file a second application under 28 U.S.C. § 2244(b)(2). *See In re*

—————————————————————————

[*] The Honorable Richard D. Cudahy, Circuit Judge of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

1

*Sims*, 111 F.3d 45, 47 (6th Cir. 1997). For the reasons discussed below, we deny that motion.

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, a state prisoner cannot file a second or successive habeas corpus petition in the district court unless the court of appeals issues an order authorizing the district court to consider the second petition. We may grant an applicant such permission under § 2244(b) only if we determine that the application makes a prima facie showing that the applicant meets the following requirements:

- the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

- the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*See* 28 U.S.C. §§ 2244(b)(2), 2244(b)(3)(C). However, before we determine if the application meets the requirements of § 2244(b), we must first determine if Cook's current application is, in fact, a "second or successive habeas corpus application under section 2254." 28 U.S.C. § 2244(b)(2).

The timing of Cook's filings—i.e. the fact that he has already filed one § 2254 application—is not necessarily determinative of whether the current attempt is a "second or successive" application. We held in *Carlson v. Pitcher*, 137 F.3d 416 (6th Cir. 1998), that "a habeas petition filed after a previous petition has been dismissed [for failure to exhaust state remedies] is not a 'second or successive' petition implicating the pre-filing requirement of obtaining an order of authority from the court of appeals." *Id.* at 420. The reason

for this result is that a disposition for failure to exhaust state remedies is not a disposition "on the merits." *Id.* at 419. Thus, if Cook's first § 2254 application had been denied only for failure to exhaust state remedies, he would not need to seek our permission to file his present application because we would not consider it a "second or successive" application under *Carlson*.

In dismissing Cook's initial habeas application in 1997, the district court discussed at length Cook's failure to exhaust state remedies, but, since the statute of limitations had run on the relevant state remedies, the district court went on to find that Cook had committed an unexcused procedural default. *See Cook v. Mills*, Civ. A. No. 3: 96-1189 (M.D. Tenn. Sept. 3, 1997) (memorandum explaining denial of application) ("[T]he petitioner has failed to show sufficient cause to excuse his procedural default."). Although other Circuits have held that a dismissal for procedural default is a dismissal "on the merits," *see, e.g., Carter v. United States*, 150 F.3d 202, 205-06 (2d Cir. 1998) (procedural default for failure to raise issue during trial or direct appeal); *Bates v. Whitley*, 19 F.3d 1066, 1067 (5th Cir. 1994) (procedural default for failure to comply with state's contemporaneous objection rule), we have yet to rule explicitly that when a prisoner's first habeas application is dismissed for procedural default arising from failure to exhaust state remedies where the statute of limitations has run on those remedies, the dismissal is "on the merits," and that prisoner's second habeas application must be authorized by this court under § 2244(b)(3). Today we so hold.

Unlike a procedural default, a mere failure to exhaust state remedies does not result in a dismissal "on the merits" and does not cause a forfeiture of access to federal habeas review. Because the applicant could exhaust and then refile, a dismissal for failure to exhaust state remedies can give rise to two § 2254 applications properly thought of as "one challenge with multiple stages." *Carlson*, 137 F.3d at 419 (quoting *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). But when the prisoner fails to fully and fairly present his