**Richard GRAVELY, Petitioner–Appellant,**

v.

**Maryellen THOMS, Warden, Respondent–Appellee.**

**No. 01–5630.**

United States Court of Appeals, Sixth Circuit.

Dec. 4, 2001.

Before MERRITT, CLAY, and GILMAN, Circuit Judges.

*ORDER*

Richard Gravely, a pro se federal prisoner, appeals from a district court judgment dismissing Gravely's petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241. Gravely also moves for in forma pauperis status. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Gravely is currently serving a 1994 sentence for distribution of and possession with intent to distribute crack cocaine. *See* 21 U.S.C. § 841(a)(1). He received a 210 month sentence. His previous efforts at post-conviction relief were denied. In his § 2241 petition, he claims that his sentence is unconstitutional because the district court relied on an uncounselled prior conviction when the court imposed sentence. *See United States v. Tucker,* 404

U.S. 443, 448, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). The district court denied the petition because Gravely had not shown that his remedy under 28 U.S.C. § 2255 was inadequate or ineffective. *See Charles v. Chandler,* 180 F.3d 753, 755–57 (6th Cir. 1999).

In his brief, Gravely attempts to distinguish *Charles* because in that case the petitioner's prior § 2255 motion was decided on the merits, while in Gravely's case the prior § 2255 motion was decided based on procedural default. Gravely's argument lacks merit because a dismissal based on procedural default is a decision on the merits. *In re Cook,* 215 F.3d 606, 608 (6th Cir.2000). Moreover, the only § 2241 claim this court may choose to recognize must be a claim of actual innocence made retroactively applicable by the Supreme Court, such as the case of *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). The case on which Gravely relies concerning uncounselled convictions, *United States v. Tucker,* was decided before Gravely was convicted and therefore is not retroactively applicable like *Bailey.* Also, *Tucker* involves the procedural protection of the right to counsel, not actual innocence of a non-existent offense. *See Reyes–Requena v. United States,* 243 F.3d 893, 904 (5th Cir.2001). Gravely has not presented a *Bailey*-type claim, so he has not shown that his remedy under § 2255 is inadequate or ineffective.

The motion for in forma pauperis status is granted solely for the purpose of deciding this appeal, and the judgment of the district court is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.