**Marcus GRAHAM, Petitioner,**

v.

**Joseph M. COSTELLO,
Esq., Superintendent,
Respondent.**

**Docket No. 02–3548.**

United States Court of Appeals,
Second Circuit.

Submitted:  June 10, 2002.

Decided:  Aug. 08, 2002.

Marcus Graham, pro se, Moravia, NY, for Petitioner.

Ann Bordley, Assistant District Attorney, Kings County, Brooklyn, NY, for Respondent.

Before WALKER, Chief Judge, MINER and CABRANES, Circuit Judges.

JOHN M. WALKER, Jr., Chief Judge.

Under the gatekeeping provisions established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (1996) ("AEDPA"), a habeas petitioner is required to seek authorization from the relevant court of appeals in order to file a subsequent habe-

as petition in the district court. *See* 28 U.S.C. § 2244(b). Accordingly, petitioner Marcus Graham has filed a motion in this court for an order authorizing the United States District Court for the Eastern District of New York to consider a successive 28 U.S.C. § 2254 petition. Graham's first petition was denied pursuant to *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), which generally prohibits habeas corpus relief based on a Fourth Amendment violation. In considering his current motion, we must decide the threshold question of whether the denial of his prior habeas petition pursuant to *Stone v. Powell* constituted a denial "on the merits" for the purposes of AEDPA, an issue, as far as we can ascertain, of first impression.

We hold that the denial of a petition based on *Stone v. Powell* is a denial on the merits and because we find that Graham's present motion fails to satisfy AEDPA's requirements for the authorization of a successive petition by this court, we deny the motion.

## BACKGROUND

In 1996, after pleading guilty in the Supreme Court of Kings County, New York, petitioner Graham was convicted of multiple counts of criminal possession of a controlled substance, criminal possession of a weapon, and criminal use of drug paraphernalia; he was sentenced to an aggregate term of imprisonment of six years to life. Graham appealed his conviction unsuccessfully. *See People v. Graham,* 261 A.D.2d 414, 690 N.Y.S.2d 72, 73 (2d Dep't), *leave denied,* 93 N.Y.2d 971, 716 N.E.2d 1101, 695 N.Y.S.2d 56 (1999).

In 1997, Graham filed his first § 2254 petition in the United States District Court for the Eastern District of New York, raising the single issue of whether his Fourth Amendment rights had been vi-

olated by the use of a defective search warrant. The district court denied the petition by endorsing the government's opposition papers, which cited *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), thereby effectively adopting the government's argument. Graham appealed to this court and we denied his motion for a certificate of appealability and dismissed the appeal pursuant to *Stone v. Powell; see id.* at 494, 96 S.Ct. 3037 ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.") (footnote omitted). In dismissing Graham's appeal, we stated that

> [b]ecause Graham has been provided "an opportunity for full and fair litigation of [his] Fourth Amendment claim," he may not be granted federal habeas corpus relief on the ground that evidence was obtained in an unconstitutional search or seizure. *Stone v. Powell,* 428 U.S. 465, 480, 494, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). Thus, Graham has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In 2002, Graham filed a new § 2254 petition in the district court, alleging due process violations and ineffective assistance of counsel. The petition was transferred to this court pursuant to *Liriano v. United States,* 95 F.3d 119, 123 (2d Cir. 1996) (per curiam); *see id.* ("[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the authorization [of the Court of Appeals] ..., the district court should transfer the petition or motion to this Court...."). On May 16, 2002, Graham filed a motion seeking authoriza-

tion to file the instant petition in this court. *See* 28 U.S.C. § 2244(b)(3)(A). By an order issued June 11, 2002, we denied Graham's motion for the reasons to be set forth in this opinion.[1]

In his present authorization motion, Graham argues that evidentiary rulings made by the trial court violated his rights under the Fifth, Sixth, and Fourteenth Amendments. Graham also argues that he received ineffective assistance of trial counsel because his counsel failed to object both to Graham's involuntary entry of a guilty plea and to the trial court's evidentiary rulings. Graham states that his claims do not rely on a new rule of law or newly discovered evidence. However, Graham does state that "the facts underlying [his] claim, if proven and viewed in the light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that [but] for Constitutional Error, no reasonable fact-finder would have found [him] guilty of the underlying offenses."

## DISCUSSION

Before addressing whether Graham's present habeas petition warrants our authorization, we must first be certain that authorization is required because his current petition is a "second or successive" application under 28 U.S.C. § 2244. Thus, we are presented with the question of whether the denial of Graham's initial § 2254 petition pursuant to *Stone v. Powell* constituted a denial on the merits for the purposes of AEDPA's gatekeeping provisions governing the filing of second or successive petitions. We hold that it did.

■ AEDPA amended 28 U.S.C. § 2244 by adding a gatekeeping function that re-

quires a petitioner, prior to filing a second or successive petition for habeas corpus relief in the district court, to obtain from the relevant court of appeals an order authorizing the district court to consider that petition. *See* 28 U.S.C. § 2244(b)(3)(A). This court can authorize consideration of a second or successive § 2254 petition when

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.* § 2244(b)(2).

Although AEDPA does not define "second or successive," *see Camarano v. Irvin,* 98 F.3d 44, 45–46 (2d Cir.1996) (per curiam), we have stated that a petition shall be classified as "second or successive" if a prior petition, challenging the same conviction, has been decided "on the merits." *See Corrao v. United States,* 152 F.3d 188, 191 (2d Cir.1998); *cf. Carter v. United States,* 150 F.3d 202, 205 n. 5 (2d Cir.1998) (per curiam) (discussing the Rules Governing § 2254 Cases and the Supreme Court's statement that a petition is only second or successive if an initial petition was dismissed on the merits).

---

1. AEDPA's successive petition provisions include a statutory deadline requiring that the courts of appeals decide motions for authori-zation to file a successive petition within thirty days of the filing of the motion. *See* 28 U.S.C. § 2244(b)(3)(D).

■ When a petition is dismissed because it is procedurally defective or because it presents unexhausted claims, we do not consider it to have been denied "on the merits" because there is a possibility that, once the claims are exhausted in state court or the procedural defect is cured, the claims will be available for review if properly presented in a federal habeas petition. Thus, for example, when a first petition is dismissed without prejudice for failure to exhaust state remedies, a subsequently filed petition is not "second or successive." *Slack v. McDaniel,* 529 U.S. 473, 485–86, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition."); *Camarano,* 98 F.3d at 47 ("[A] petition filed after a prior petition is dismissed without prejudice for failure to exhaust state remedies is not a 'second or successive' petition ...").

Courts, including this one, have frequently had the opportunity to address when an application should not be treated as a second or successive petition. *See, e.g., Stewart v. Martinez–Villareal,* 523 U.S. 637, 644–45, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (holding that a petition is not "second or successive" when it only raises one claim that was previously dismissed as premature); *Muniz v. United States,* 236 F.3d 122, 129 (2d Cir.2001) (per curiam) (concluding that a petition is not second or successive when first petition was incorrectly dismissed as untimely); *Stantini v. United States,* 140 F.3d 424, 427 (2d Cir.1998) ("Given our conclusion that the Initial Motion is not properly considered to have been made and filed pursuant to § 2255, the gatekeeping provisions of AEDPA do not apply to the [present] § 2255 Motion.").

■ Conversely, when a prior petition is denied because the claim raised is procedurally defaulted (i.e., the petitioner failed to raise the claim on direct appeal and has not made a showing of cause and prejudice for that failure), the denial is "on the merits," rendering a subsequently filed petition "second or successive." *See Carter,* 150 F.3d at 205–06 ("[A] denial on grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition or § 2255 motion 'second or successive' for purposes of the AEDPA."); *cf. Hawkins v. Evans,* 64 F.3d 543, 547 (10th Cir.1995) (concluding, pre-AEDPA, that denial of a claim due to procedural default is a determination on the merits in evaluating whether second habeas petition is successive); *Howard v. Lewis,* 905 F.2d 1318, 1322–23 (9th Cir. 1990) (same); *see also Shaw v. Delo,* 971 F.2d 181, 184 (8th Cir.1992) (discussing bar on consideration of successive petitions).

■ We consider the denial of procedurally defaulted claims to be "on the merits" even though the underlying merits of those claims are not reviewed by any federal court because those claims, regardless of their merit, can never establish a basis for habeas relief. Thus our distinction between petitions that are denied "on the merits" and those that are not does not depend on whether the federal court actually determined the merits of the underlying claims but rather on whether the prior denial of the petition conclusively determined that the claims presented could not establish a ground for federal habeas relief.

■ As a general rule, Fourth Amendment claims are not reviewable by the federal courts when raised in a petition brought under § 2254 unless the state prisoner shows that he or she has not had a full and fair opportunity to litigate that

claim in the state court. *See Stone*, 428 U.S. at 481–82, 96 S.Ct. 3037; *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir.1992). Consequently, once it is established that a petitioner has had an opportunity to litigate his or her Fourth Amendment claim (whether or not he or she took advantage of the state's procedure), the court's denial of the claim is a conclusive determination that the claim will never present a valid basis for federal habeas relief. Because the bar to federal habeas review of Fourth Amendment claims is permanent and incurable absent a showing that the state failed to provide a full and fair opportunity to litigate the claim, we conclude that the denial of a habeas petition pursuant to *Stone v. Powell* has the same effect as the denial of a petition presenting procedurally defaulted claims when there is no showing of cause and prejudice. We therefore conclude that the denial of a habeas petition pursuant to *Stone v. Powell* is a denial "on the merits."

Accordingly, an inmate who has had a petition denied on that basis is required to seek authorization from the court of appeals prior to filing a subsequent habeas petition. We have come to this conclusion bearing in mind that when a denial of an initial petition is considered to be "on the merits," it adversely affects a petitioner's right to file subsequent petitions for habeas relief.

■ We turn then to the question of whether Graham's present motion meets the AEDPA requirements for our authorization. Although Graham has correctly recited the standard for the authorization of a successive petition under § 2244(b)(2)(B)(ii), he has failed to make the predicate showing of any new evidence to support his claims as required by § 2244(b)(2)(B)(i). Moreover, Graham's motion does not present any new rule of law on which his claims might be based.

*See* 28 U.S.C. § 2244(b)(2)(A). We therefore deny him authorization to file the proposed petition.

## CONCLUSION

For the foregoing reasons, the authorization motion is denied.