United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 8, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

No. 06-10153

---

In Re: ROBERT JAMES NEVILLE,

Movant.

---

On Motion for Authorization to File
Successive Petition for Writ of Habeas
Corpus in the United States District Court
Before the Northern District of Texas

---

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:

Robert James Neville moves pursuant to 28 U.S.C. § 2244(b)(2) for authorization to file a successive petition for writ of habeas corpus. He asserts that *Atkins v. Virginia*, 536 U.S. 304 (2002) and *Roper v. Simmons*, 543 U.S. 551 (2005) created a new rule of constitutional law, made retroactive by the Supreme Court, making the execution of mentally ill persons unconstitutional. No such rule of constitutional law was created, however, by either *Atkins* or *Roper*. *See, e.g., In re Woods*, 155 F. App'x. 132, 136 (5th Cir. 2005) (declining to grant a successive habeas petition to consider the defendant's alleged mental illness because the new constitutional rule created in *Atkins* does not cover mental illness). He, therefore, cannot satisfy the requirements as set forth by AEPDA

1

needed to grant authorization to file a successive habeas petition. 28 U.S.C. § 2244(b)(2).[1]

In addition, Neville does not present a prima facie case that he is mentally ill. He puts forward only two pieces of evidence. First, he points to the testimony of a medical doctor presented during the punishment phase of Neville's trial. The doctor testified that Neville has lupus, which can make him act erratically and irrationally. Second, Neville points to several affidavits submitted by Neville's former counsel. These attorneys attest that they believe that Neville has mental deficiencies and that they believe that Neville might be mentally retarded.[2] Neither the doctor's testimony regarding Neville's lupus nor his former attorneys' impressions of his mental state constitute "a sufficient showing of possible merit to warrant a fuller exploration by the district court." *In re Morris*, 328 F.3d 739, 740 (5th Cir. 2003) (internal quotation omitted).

Therefore, we DENY Neville's petition to file a successive petition for a writ of habeas corpus and DENY Neville's motion for a stay of execution.

---

[1]Twenty years ago, *Ford v. Wainwright* established that the Eighth Amendment prohibits the execution of the insane. 477 U.S. 399, 410 (1986). Neville, however, does not assert that he is insane.

[2]These affidavits do not address whether Neville has a mental illness. These affidavits were prepared for the Texas state court proceedings in which Neville argued that he was mentally retarded. The Texas court found that he failed to make a prima facie case of retardation and, therefore, denied his motion for leave to file a writ of mandamus. In his briefs to this court, Neville no longer argues that he is mentally retarded, but rather now claims mental illness.