RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 10a0197p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

—————————————

In re: WILLIAM GARNER,

        *Movant.*

No. 10-3835

Filed: July 12, 2010

Before: MARTIN, MOORE, and ROGERS, Circuit Judges.

—————————————

## ORDER

—————————————

ROGERS, Circuit Judge. William Garner, an Ohio inmate sentenced to death, moves this court to stay his impending execution, which is scheduled for July 13, 2010, at 10:00 a.m. Garner bases the stay motion on his application for permission to file a second or successive habeas petition, an earlier petition having been fully litigated and ultimately denied. His petition is based on *Roper v. Simmons*, 543 U.S. 551 (2005), in which the Supreme Court held that the death penalty may not be imposed for crimes committed by someone under 18 years of age. Garner was 19 years old at the time of the crime, but his counsel urge that *Roper* extends to adults whose mental age is that of a juvenile. *Roper* was decided five years before Garner's counsel brought this claim to the state courts for the first time. We deny the motion to stay.

## I

The facts underlying Garner's convictions are fully set forth in our earlier decision upholding the denial of habeas relief. *Garner v. Mitchell*, 557 F.3d 257 (6th Cir. 2009) (en banc). In 1992, Garner burglarized and set fire to an apartment in Cincinnati, Ohio, killing five children who he knew were sleeping inside. Garner was convicted by a jury on, among other charges, five counts of aggravated murder, and sentenced to death. The Ohio state

1

courts affirmed Garner's convictions and sentence on direct and collateral review. Garner filed an initial habeas action under 28 U.S.C. § 2254 in federal district court, which the district court denied. Sitting en banc, we ultimately affirmed the district court's denial of Garner's initial petition for habeas relief. *Id.* at 258, 271.

On February 2, 2010, the Supreme Court of Ohio granted the State of Ohio's motion to set Garner's execution date and scheduled the execution for the morning of July 13, 2010. *State v. Garner*, 124 Ohio St. 3d 1462 (2010). On June 28, 2010, Garner filed a "Motion for Appropriate Relief" in the Hamilton County, Ohio, Court of Common Pleas, seeking to vacate his five death sentences. *See State v. Garner*, No. B-9200826 (Ohio Ct. C. P. filed July 6, 2010). After that court denied his motion in a summary order issued on July 6, 2010, *id.*, Garner sought review in the Ohio First District Court of Appeals, which in turn denied his requests for relief on July 9, 2010, *State v. Garner*, No. C-100448 (Ohio Ct. App. filed July 9, 2010). The Supreme Court of Ohio denied Garner leave to appeal, and denied his motion for a stay as moot, on July 12, 2010. *State v. Garner*, No. 2010-1209 (Ohio filed July 12, 2010).

Garner then moved this court for a stay of his execution and for an order authorizing him to file a successive habeas corpus petition in federal district court. In seeking authorization to file a successive habeas petition, Garner argues that the United States Supreme Court's 2005 decision in *Roper v. Simmons*, 543 U.S. 551 (2005), precludes the State of Ohio from carrying out his execution because, even though he was 19 years old when he committed his offenses, "his developmental disabilities, limited IQ, and the horrors of his life caused him to function on the level of a fourteen[-]year-old child." In support of this claim, Garner submitted a number of affidavits from his mother, older sister, and twin brother, documenting the abuse that Garner had suffered as a child and his difficulties learning in school, functioning in society, and controlling his impulsive behavior. Garner also submitted the report of school psychologist Dr. Denis W. Keyes, who concluded that "it is clear to a reasonable degree of scientific certainty, that William 'PeeWee' Garner's limited development was *far* less mature than that expected of a normal 19 year-old, and his history of developmental issues, both adaptively and intellectually, make him more like a young adolescent of *14* than like an adult."

**II**

**A**

Garner is not entitled to a stay of his execution because he cannot make a prima facie showing that he is entitled to file a second or successive habeas petition, and permission to file such a petition is necessary for him to obtain relief. Because Garner's initial habeas petition was decided "on the merits," his recent filings in our court are properly deemed a "second or successive" petition. *See In re Cook*, 215 F.3d 606, 607-08 (6th Cir. 2000). An inmate who seeks to file a second or successive habeas application must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). However, "[t]he court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies" one of two alternative statutory requirements. *Id.* § 2244(b)(3)(C). Garner relies upon the first of these two alternatives, asserting that his "claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* § 2244(b)(2)(A).

Garner purports to rely upon the United States Supreme Court's holding in *Roper v. Simmons*, 543 U.S. 551 (2005)—that the Eighth Amendment's Cruel and Unusual Punishment Clause proscribes the imposition of the death penalty upon an offender who was under age 18 at the time of his or her offense, *id.* at 568-75—as the "new rule of constitutional law" that supports his claim. Although Garner concedes that "[c]hronologically, . . . [he] was an adult at the time of the offense (he had just turned nineteen)," he argues that "[h]is history of developmental issues, both adaptively and intellectually, make him more like a person younger than *14* than like an adult." In other words, Garner contends that he cannot be executed because he had a developmental or "mental age" of less than 18 at the time he committed his crimes.

The rule upon which Garner relies to advance his successive habeas petition is not the new rule of constitutional law handed down by the Supreme Court in *Roper*. The *Roper* Court did not hold that the Eighth Amendment prohibits a death sentence for an offender with a "mental age" of less than 18. Rather, the *Roper* Court clearly held that a sentence of

death may not be imposed upon an offender with a *chronological* age of less than 18. *See, e.g.*, *id.* at 574. Although the *Roper* Court acknowledged that "[d]rawing the line at 18 years of age is subject . . . to the objections always raised against categorical rules," the Court concluded, nonetheless, that "a line must be drawn." *Id.* The Court did note that "[t]he qualities that distinguish juveniles from adults do not disappear when an individual turns 18." *Id.* But, "[b]y the same token, some under 18 have already attained a level of maturity some adults will never reach." *Id.* Reasoning that "[t]he age of 18 is the point where society draws the line for many purposes between childhood and adulthood," however, the Court concluded that 18 is "the age at which the line for death eligibility ought to rest" as well. *Id.*

Although policy arguments may support an extension of the law to prohibit a death sentence for an offender who is developmentally juvenile, *see Henyard v. McDonough*, 459 F.3d 1217, 1248-49 (11th Cir. 2006) (Barkett, J., concurring) ("The mere fact of a defendant's chronological age should not qualify a defendant for death where the measures of capacity render him lacking in culpability."), in this analysis we are confined to a consideration of constitutional law as it presently stands. And there is no new rule of constitutional law that supports Garner's successive habeas application. Similarly, the Fifth Circuit in *In re Neville*, 440 F.3d 220, 221 (5th Cir. 2006) (per curiam), denied permission to file a second or successive habeas petition where the petitioner relied on *Roper* and *Atkins v. Virginia*, 536 U.S. 304 (2002), as creating a new rule of constitutional law making the execution of mentally ill persons unconstitutional. The Fifth Circuit reasoned that "[n]o such rule of constitutional law was created . . . by either *Atkins* or *Roper*." Because Garner cannot make the requisite prima facie showing to justify an order authorizing him to file his successive habeas petition, he cannot obtain federal habeas relief on that theory, and a stay of his execution is not warranted.

**B**

Even if *Roper* could be read to extend to persons with a mental age of less than 18 years, no stay is warranted because Garner is very unlikely to succeed on the merits of his claim. In considering whether to grant a stay, this court balances the following factors:

> (1) whether [Garner] has demonstrated a strong likelihood of success on the merits; (2) whether he will suffer irreparable injury in the absence of

equitable relief; (3) whether the stay will cause substantial harm to others; and (4) whether the public interest is best served by granting the stay.

*Cooey (Beuke) v. Strickland*, 604 F.3d 939, 943 (6th Cir. 2010) (quoting *Cooey (Biros) v. Strickland*, 589 F.3d 210, 218 (6th Cir. 2009)); *see also Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

If Garner were given the opportunity to pursue his claim in district court, he would be unlikely to succeed on the merits because his claim is facially untimely under the AEDPA statute of limitations. An individual in state custody has a one-year statute of limitations to file a habeas corpus petition in federal court; the limitations period runs from the latest of four statutorily prescribed events. 28 U.S.C. § 2244(d)(1)(A)-(D). Because Garner's successive habeas petition purports to rely upon "a new rule of constitutional law," the statute of limitations in this case began to run at the latest when the Supreme Court decided *Roper*, i.e., on March 1, 2005. *See* 28 U.S.C. § 2244(d)(1)(C); *Roper*, 543 U.S. 551. Garner did not seek to raise his claim for the first time in federal court until July 12, 2010—well outside of the one-year statute of limitations. Even assuming that Garner's attempts to present the *Roper* issue to the state courts tolled the statute of limitations, those attempts were not initiated until June 2010, still more than five years after *Roper* was decided. Accordingly, Garner's claim appears untimely.

Because Garner's claim is likely barred by the one-year statute of limitations, Garner has not shown a likelihood of success on the merits to warrant the issuance of a stay.

**III**

Garner's motion for a stay of execution is denied.

KAREN NELSON MOORE, Circuit Judge, concurring in the judgment. I concur in the judgment denying a stay of execution because William Garner cannot show a strong likelihood of success. As Judge Rogers indicates in part II.B, Garner's current claim is likely barred by the one-year AEDPA statute of limitations. Therefore, I concur in the judgment denying a stay of execution.

BOYCE F. MARTIN, JR., Circuit Judge, joins Judge Moore's opinion.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

Clerk