JOSÉ A. CABRANES, Circuit Judge, with whom Judge RAGGI and Judge LIVINGSTON join,
dissenting in the denial of rehearing en banc:
I concur fully in Judge Raggi’s comprehensive and forceful dissent from the denial of en banc review. I write separately only to summarize and underscore why the panel decision is wrong and necessitates review.
First, the panel decision is inconsistent with not one but several precedents of the Supreme Court. It erroneously states that the New York Court of Appeals misunderstood and misapplied the independent-source rule of United States v. Wade, 388 U.S. 218, 240-41, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). It also fails to accord New York state courts appropriate AEPDA deference.[1] See, e.g., Harrington v. Richter, — U.S. -, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011). Even though ten state court judges (six New York Court of Appeals judges, three Appellate Division judges, and the trial judge) concluded ;that the record satisfied Wade’s independent-source requirement, the panel inexplicably holds that such a conclusion is an unreasonable application of federal law, see 28 U.S.C. § 2254(d)(1), and not one upon which “fairminded jurists could disagree,” Harrington, 131 S.Ct. at 786 (internal quotation marks omitted). See Young v. Conway, 698 F.3d 69, 84-85 (2d Cir.2012).
Second, the panel decision ignores the bar to habeas relief enunciated in Stone v. Powell, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), by granting habeas relief to a petitioner who never argued, let alone demonstrated, that he was denied a full and fair opportunity to litigate his Fourth Amendment claim. And in doing so, it creates a “circuit split” with the Court of Appeals for the Ninth Circuit, which held in Woolery v. Arave, 8 F.3d 1325 (9th Cir.1993), that “Stone v. Powell precludes the federal court from enforcing the exclusionary rule through the writ of habeas corpus even though the state has failed to raise the Stone issue.” Id. at 1326. The panel decision does further harm to our habeas jurisprudence by suggesting that the application of the Stone bar depends on the type of evidence that is the basis for the Fourth Amendment challenge. See Young, 698 F.3d at 87 (noting that identification evidence “lacks the typical indicia of reliability that ordinarily *102 weigh against re-litigating a Fourth Amendment claim on collateral review”). But Stone does no such thing; it is a categorical bar. 428 U.S. at 494-95 & n.37, 96 S.Ct. 3037; see also Graham v. Costello, 299 F.3d 129, 134 (2d Cir.2002) (noting that the “[Stone] bar to federal habeas review of Fourth Amendment claims is permanent and incurable absent a showing that the state failed to provide a full and fair opportunity to litigate the claim”). In short, the panel decision cannot be squared with Stone or the- decisions of this Court that have applied Stone.
Third, the panel decision improperly condones referencing, in a habeas proceeding, materials that were never part of the state court record. Any such practice is obviously unsound, but it also has the additional distinction of being in direct contravention" of the instruction of the Supreme Court in Cullen v. Pinholster, 131 S.Ct. 1388 (2011), that “review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.” Id. at 1398 (emphasis supplied). Moreover, the panel’s reference to social science studies actually misses the mark. As Judge Raggi explains, Young’s habeas challenge was limited to the question of whether Mrs. Sykes’s identification had an independent source — not whether her identification was reliable.' In turn, the social science literature cited at' length by the panel only addresses whether eyewitness testimony is generally reliable; these studies in no way suggest that Mrs. Sykes’s identification lacked an independent source.
In sum, any, one of these errors is grave enough to require en banc review. The fact that the panel decision makes all of them compounds the harm done. The result will be great confusion in the habeas jurisprudence of this Circuit and in that of other courts that may be misled in following the panel’s lead. And absent review by a higher authority, we will have to live with the baleful consequences of this unfortunate decision for many years to come.