[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11149
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-24595-FAM


FRANK YOUNG,

                                                    Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

                                                    Respondent - Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(September 21, 2017)

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Frank Young, a Florida state prisoner proceeding *pro se*, appeals the district

court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition as an unauthorized

second or successive petition. Mr. Young argues that the district court erred by dismissing his numerically-second § 2254 petition for lack of subject-matter jurisdiction. Upon review of the record and the parties' briefs, we affirm.

## I

In November of 2013, Mr. Young filed an amended initial § 2254 petition challenging his 2010 Florida convictions for armed burglary, aggravated assault, and shooting or throwing a deadly missile into an occupied building. A magistrate judge construed the petition as raising 13 claims for relief, and recommended dismissing Mr. Young's petition because 12 of the claims were unexhausted and procedurally defaulted with no procedural mechanism available for exhaustion in state court. As to the remaining claim, the magistrate judge found that it was not cognizable in a federal habeas petition. Over Mr. Young's objections, the district court adopted the magistrate's report and recommendation and denied the petition.[1]

Mr. Young did not appeal the district court's order and instead returned to state court to appeal the denial of his post-conviction motions. The state appellate court issued a per curiam order affirming the lower court's decision in September of 2015.

In December of 2015, Mr. Young filed a second § 2254 petition challenging his 2010 Florida convictions. A magistrate judge issued a report recommending

---

[1] Mr. Young tried to appeal the magistrate judge's report and recommendation in March of 2015. We dismissed the appeal for lack of subject-matter jurisdiction and indicated that he could file a new notice of appeal from the district court's order adopting the report and recommendation.

2

dismissal for lack of subject-matter jurisdiction because Mr. Young had already filed a § 2254 petition challenging the same convictions (and raising the same claims) and did not seek authorization to file the second petition. The district court adopted the report and recommendation and dismissed the petition.

Mr. Young now appeals.

## II

We review *de novo* whether a petition for a writ of habeas corpus is second or successive. *See Stewart v. United States*, 646 F.3d 856, 858 (11th Cir. 2011). In order to file a second or successive habeas corpus petition, a state prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]." 28 U.S.C. § 2244(b)(3)(A). Otherwise, a district court lacks jurisdiction to consider the petition and is required to dismiss it. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004). Although a dismissal of a successive habeas petition for lack of subject-matter jurisdiction does not constitute a "final order in a habeas corpus proceeding," we may review the dismissal under 28 U.S.C. § 1291. *See id.*

Here, both of Mr. Young's § 2254 petitions challenge the same 2010 convictions. Mr. Young is correct that a dismissal of a § 2254 petition without prejudice would have allowed him to file a numerically-second § 2254 petition, *see Dunn v. Singletary*, 168 F.3d 440, 441 n.2 (11th Cir. 1999), but that is not what

3

happened in this case. Instead, the magistrate judge concluded that all of the cognizable claims were unexhausted and procedurally defaulted because any attempt to exhaust the claims would be futile, *see Bailey v. Nagle*, 172 F.3d 1299, 1302–03 (11th Cir. 1999), and that Mr. Young had failed to show cause or prejudice. Although the magistrate judge recommended dismissal, the district court adopted the report and *denied* Mr. Young's petition. *See* D.E. 36.

We conclude that the only way to interpret the district court's denial here is as an adjudication on the merits. Every other circuit that has considered the application of a similar procedural bar has held that "a denial on grounds of [unexcused] procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition or § 2255 motion 'second or successive' for purposes of the AEDPA." *See Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005) (citation omitted). *See also Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002) (highlighting the difference between an unexhausted claim and unexcused procedural default); *Harvey v. Horan*, 278 F.3d 370, 379–80 (4th Cir. 2002) (holding that "a dismissal for procedural default is a dismissal on the merits"), *abrogated on other grounds by Skinner v. Switzer*, 562 U.S. 521 (2011); *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000) (same). *Cf. Bates v. Whitley*, 19 F.3d 1066, 1067 (5th Cir. 1994) (concluding, pre-AEDPA, that denial of a claim due to "state procedural default and a failure to show cause and prejudice must be

4

regarded as a determination on the merits"); *Hawkins v. Evans*, 64 F.3d 543, 547 (10th Cir. 1995) (same); *Shaw v. Delo*, 971 F.2d 181, 184 (8th Cir. 1992) (same).

As a result, we agree that Mr. Young's second § 2254 petition was properly considered an unauthorized second or successive habeas corpus petition. Because Mr. Young did not seek approval to file that petition, the district court properly dismissed it for lack of subject-matter jurisdiction. *See Hubbard*, 379 F.3d at 1247.

**AFFIRMED.**