<u>N̶O̶T</u> RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0245n.06

No. 17-2476

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 16, 2018
DEBORAH S. HUNT, Clerk

|  |  |
|---|---|
| In re: EDWARD OMAR SPEARMAN, | ) |
|  | ) |
|  | ) |
| Movant. | ) |
|  | ) |
|  | ) |

O R D E R

Before: GUY, DAUGHTREY, and SUTTON, Circuit Judges.

PER CURIAM. Edward Omar Spearman, a pro se federal prisoner, moves this court for an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

In 1996, a jury convicted Spearman of participating in a continuing criminal enterprise ("CCE"); two counts of drug-related murder; two counts of firearm use during a felony drug offense; dealing in firearms without a license; conspiracy to provide false statements in connection with the acquisition of firearms; and conspiracy to distribute cocaine. The district court sentenced Spearman to three terms of life in prison for the CCE and two murder convictions, followed by imprisonment for 25 years to life. *United States v. Spearman*, No. 96-1887, 1998 WL 840870, at *3 (6th Cir. Nov. 17, 1998). We affirmed.

Spearman subsequently filed a 28 U.S.C. § 2255 motion to vacate his sentence. The district court denied the § 2255 motion. We granted Spearman a certificate of appealability as to an ineffective-assistance claim but affirmed the district court's judgment. *United States v. Spearman*, No. 01-1378 (6th Cir. Aug. 8, 2002) (order).

Spearman later filed a motion under Federal Rule of Civil Procedure 60(b), arguing that the district court erred when it denied his § 2255 motion without addressing one of his claims. The district court denied Spearman's Rule 60(b) motion as untimely but granted him a certificate of appealability. We affirmed the district court's order. *Spearman v. United States*, No. 07-2534 (6th Cir. Nov. 25, 2008) (order). We also denied Spearman permission to file second or successive § 2255 motions on three prior occasions. *In re Spearman*, No. 06-1120 (6th Cir. Dec. 11, 2006) (order); *In re Spearman*, No. 13-2382 (6th Cir. Apr. 17, 2014) (order); *In re Spearman*, No. 16-1899 (6th Cir. Nov. 3, 2016) (order).

In this motion, Spearman asserts that the life sentence imposed for the CCE conviction amounts to cruel and unusual punishment. In support, he cites the Supreme Court decision in *Graham v. Florida*, which held that the Eighth Amendment prohibits the imposition of a life sentence without the possibility of parole for a juvenile offender who committed a non-homicide offense. 560 U.S. 48, 74–75 (2010). Spearman explains that his indictment charged him with engaging in a CCE from October 1987 through 1991, and that he did not turn 18 until December 1988. Although Spearman admittedly was 20 years old when he committed the two acts of murder in furtherance of the CCE—for which he also received life sentences, he asserts that the rule in *Graham* extends "to conspiracy offenses which commenced prior to a defendant's 18th birthday but extended beyond his 18th birthday and of which he remained a member past this date." A.R. 1 at 4.

Before we will grant a movant permission to file a second or successive petition under 28 U.S.C. § 2255, he must make a prima facie showing that: (1) there is newly discovered evidence that, if proven and viewed in light of the evidence as a whole, sufficiently establishes that no reasonable factfinder would have found him guilty; or (2) a new rule of constitutional law applies to his case that the Supreme Court has made retroactive to cases on collateral review. *See* 28 U.S.C. §§ 2244(b)(2)(A), 2255(h); *In re Green*, 144 F.3d 384, 388 (6th Cir. 1998).

Spearman takes the second route. He argues that the Supreme Court's decision in *Graham* is a new rule of constitutional law that applies retroactively to his case.

We have no problem concluding that *Graham* announced a "constitutional" rule. *Graham* is about what "the Eighth Amendment forbids." 560 U.S. at 74. And we agree that *Graham*'s rule was a "new" one. It "was certainly the first recognition that the Eighth Amendment bars the imposition of life imprisonment without parole on non-homicide offenders under age eighteen." *In re Sparks*, 657 F.3d 258, 260 (5th Cir. 2011). Finally, "with the right combination of holdings," the Supreme Court has made *Graham*'s rule "retroactive" to cases on collateral review. *Tyler v. Cain*, 533 U.S. 656, 666 (2001). Courts must give retroactive effect to new substantive rules, *Teague v. Lane*, 489 U.S. 288, 307 (1989), including those "prohibiting a certain category of punishment for a class of defendants because of their status or offense," *Penry v. Lynaugh*, 492 U.S. 302, 330 (1989). And *Graham* prohibited a category of punishment (life without parole) based on some defendants' status (minors) and offense (nonhomicide crimes). 560 U.S. at 74; *see Montgomery v. Louisiana*, 136 S. Ct. 718, 734 (2016).

But that's not the end of the matter. Section 2255 requires us to certify a successive motion "as provided in section 2244." 28 U.S.C. § 2255(h). Section 2244, in turn, requires Spearman to show that his "claim *relies on* [the] new rule" in *Graham*. *Id.* § 2244(b)(2)(A) (emphasis added). But the "rule upon which [Spearman] relies to advance his successive habeas petition is not the new rule of constitutional law handed down by the Supreme Court." *In re Garner*, 612 F.3d 533, 535 (6th Cir. 2010).

Spearman argues that *Graham*'s rule should cover crimes (like conspiracies) that begin before, but continue into, adulthood. *See In re Dale*, No. 17-1547 (6th Cir. Oct. 17, 2017). The Supreme Court implicitly rejected that theory. It refused to consider individuals who "were convicted for participation in unlawful conspiracies that began when they were juveniles but continued after they reached the age of 18." *Graham*, 560 U.S. at 64 n.* (majority opinion); *id.* at 110 n.10 (Thomas, J., dissenting). Even if we could cram Spearman's claim into a *Graham*-shaped wineskin, he cannot rely on *Graham* to obtain any relief. The Court amended its opinion "in light of new . . . information" from the Justice Department showing that no federal defendant was "serving a life without parole sentence *solely* for a juvenile nonhomicide crime completed

before the age of 18." *Id.* at 64 n.*; *see id.* (noting the "Government was not aware of any other federal prisoners serving life without parole sentences *solely* for juvenile nonhomicide crimes") (emphases added). In addition to the one he challenges here, Spearman is concurrently serving two other life sentences for homicide crimes he committed as an adult. *Graham* thus is inapplicable to this case.

We **DENY** Spearman's motion for authorization.

ENTERED BY ORDER OF THE COURT

_____

Deborah S. Hunt, Clerk