ALD-140                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1207
_____

IN RE: HARRY L. BECKETT,
                                                       Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 1-03-cv-01716)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 9, 2020
Before: MCKEE, SHWARTZ, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 14, 2020)
_____

OPINION*
_____

PER CURIAM

    Harry L. Beckett, a Pennsylvania state prisoner proceeding in forma pauperis, filed

this pro se petition for a writ of mandamus seeking relief related to his postconviction

proceedings. For the reasons that follow, we will deny the petition.

    In 1992, after a jury trial in the Dauphin County Court of Common Pleas, Beckett

was convicted of first-degree murder and criminal conspiracy. He was sentenced to life

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

imprisonment plus a concurrent term of imprisonment of three to seven years. The Superior Court affirmed the criminal judgment, and the Pennsylvania Supreme Court denied review. Beckett's serial PCRA petitions have been unsuccessful. See Commonwealth v. Beckett, No. 1064 MDA 2017, 2018 WL 3434234, at *1 (Pa. Super. Ct. July 17, 2018) (explaining that, "[b]etween 1996 and 2016, [Beckett] filed five PCRA petitions, all of which were dismissed").

In 2003, Beckett filed a 28 U.S.C. § 2254 petition in the United States District Court for the Middle District of Pennsylvania. He alleged, among other things, that the prosecution withheld impeachment evidence related to Lewis Manor, who testified against Beckett. The District Court denied that petition, and this Court denied Beckett a certificate of appealability, see Beckett v. Kyler, C.A. No. 06-1516 (order entered Oct. 23, 2006). Beckett has since filed numerous motions to reopen the § 2254 proceedings in the District Court, as well as multiple applications in this Court to file a second or successive § 2254 petition, all of which have been unsuccessful. See, e.g., Beckett v. Superintendent Huntingdon SCI, C.A. No. 15-3526 (order entered Apr. 4, 2016).

In January 2020, Beckett filed a mandamus petition here. He is seeking an order to reopen his state and federal postconviction proceedings so that he can raise various claims, including claims related to Lewis Manor's testimony. He is not entitled such relief.

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our jurisdiction] and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked

2

only in extraordinary situations.  See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976).  Traditionally, it may be used "only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction,'" id. (quoting Will v. United States, 389 U.S. 90, 95 (1967)), and our "jurisdiction to issue writs of mandamus under 28 U.S.C. § 1651 lies in cases in which potential appellate jurisdiction exists," In re Richards, 213 F.3d 773, 779 (3d Cir. 2000).

We lack jurisdiction over Beckett's claims related to his state postconviction proceedings, as federal courts generally lack jurisdiction to compel action by a state court.  See generally In re Grand Jury Proceedings, 654 F.2d 268, 278 (3d Cir. 1981) (federal court "ordinarily may not issue a writ of mandamus to compel a state court to exercise jurisdiction entrusted to it, nor may a federal court (with the exception of the Supreme Court) review a decision of a state tribunal through a writ of certiorari"); In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (holding district court had no jurisdiction to issue a writ of mandamus compelling action by a state court).

To the extent that Beckett's petition is directed at the District Court and we have jurisdiction, we deny mandamus relief.  A petitioner seeking a writ of mandamus "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable."  Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Here, Beckett essentially seeks an order authorizing the filing of a new federal habeas petition to challenge his conviction.  See generally Gonzalez v. Crosby, 545 U.S. 524, 531–32 (2005).  But that is not a permissible use of mandamus; Beckett must instead comply with the procedures for filing second or successive habeas petitions, set forth in

3

28 U.S.C. § 2244.  See Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1285 (11th Cir. 2014); see also Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005); cf. In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (explaining that inmate may not use habeas petition under § 2241 simply because he cannot meet AEDPA's gatekeeping requirements for second or successive habeas petitions).

Accordingly, we will deny the mandamus petition.  In light of our disposition, we deny Beckett's motions for appointment of counsel and for an extension of time to file certain compliance documents.  See Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993).[1]

---

[1]  This opinion does not address Beckett's motion for release based on COVID-19, which we will address separately.